UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

PATRIZIA ENACHE,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 5:26-cv-05411-JDE

ORDER REGARDING PETITION

**I.**

**INTRODUCTION**

On September 14, 2026, the Court received from Patrizia Enache ("Petitioner"), proceeding pro se, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her re-detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends that she was released on parole by Immigration and Customs Enforcement ("ICE") on August 10, 2021 and was then re-detained on August 24, 2026, without any notice of the reasons why she was re-retained or a chance to contest her detention in violation of due process and the Administrative Procedure Act. She maintains ICE has no reason to re-detain her, she is not a danger or flight risk, and there

has been no material change of circumstances to justify her re-detention. She requests her immediate release and an order enjoining Respondents from re-detaining her without providing at least seven days' notice and a pre-deprivation hearing before an immigration judge. Id. at 8.

On September 24, 2026, Respondents filed an Answer, with a four-sentence "Discussion" Section, that does not dispute or contest any of Petitioner's factual averments, does not defend Petitioner's re-detention, and does not offer any substantive argument, other than stating that "Petitioner's recourse is a bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)," requesting "that the Court grant the Petition to the extent it seeks the remedy of a bond hearing and deny the Petition and dismiss it without prejudice to the extent it seeks the remedy of immediate release." Dkt. 9 ("Ans."). Petitioner filed a Reply on October 7, 2026. Dkt. 13.

For the reasons explained below, the Petition is granted, in part.

## II.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due

process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

All three factors support a finding that Petitioner's due process rights were violated in the revocation of her parole. First, she had a significant liberty interest in remaining at liberty on parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their liberty will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). A "parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," and, as such, the parolee's liberty interest "is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Thus, "termination [of parole] calls for

some orderly process[.]" Id. "[H]umanitarian parole can establish the same kinds of liberty interests described in Morrissey." Torres v. Hermosillo, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); see also Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) ("When he was released from his initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause."); Del Toro v. Warden Northwest ICE Processing Ctr., 2026 WL 1283517, at *5 (W.D. Wash. May 11, 2026) (finding a Cuba national who had been granted parole and had been living in the community for "almost a year" had a protected liberty interest under Mathews).

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was apparently revoked and she was detained without any prior notice or opportunity to be heard either before such deprivation or thereafter. Faizyan, 2025 WL 3208844, at *7; see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody redetermination hearing). Under the circumstances here, "[c]ivil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. Since the "initial determination that Petitioner should be paroled because she posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar v. Casey, 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Petitioner alleges that she is not a danger or flight risk and there has been no material change of circumstances. Respondents do not dispute those claims. Petitioner's

detention without notice or any opportunity to challenge her detention, without any contrary information from Respondents suggesting any legal reason for such ongoing detention, reflects a substantial risk of an erroneous deprivation of liberty.

Third, the government's interest in detaining Petitioner without a hearing or other procedural protection here is low here. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest."). Petitioner has been living in the community for five years and Respondents have not shown any interest here why Petitioner should have been re-detained without notice or an opportunity to be heard.

The Court finds Petitioner's detention here without written notice of its basis or any opportunity to be heard on the matter, accepting Petitioner's facts as set forth in the Petition that are unchallenged by Respondents, deprived Petitioner of her due process rights and her detention is unlawful. Given that Respondents have not substantively addressed Petitioner's due process claim, the Court finds immediate release is warranted. Petitioner's other requests for relief are denied as moot, speculative, and unsupported. Nothing herein precludes Respondents from taking any lawful action in the future with respect to Petitioner.

## IV.
## ORDER

IT IS ORDERED that Judgment shall be entered:

(a) granting the Petition, in part, and ORDERING Respondents to

immediately release **Petitioner Patrizia Enache (A# 216 963 069)** from custody, subject to her preexisting conditions of parole, if any, and return all property taken from Petitioner at the time of her detention on August 24, 2026, including any identification documents, and

(b) denying the Petition with prejudice in all other respects.

Dated: October 9, 2026______

JOHN D. EARLY
United States Magistrate Judge